(Judge Seney of the Third Circuit, taking the place of Judge Stewart.)

*Trustees of Urbana Township, Champaign Co., O. v. Wm. M. Houston, et al.

1. Recovery from the Township for Services Rendered by a Physician to a Pauper.

A physician rendering services to a pauper, can only recover against the township, for such services, such sum as the township trustees deem just and reasonable.

2. Notice in Writing.

Notice in writing is a condition precedent to the right to recover.

3. Statutes Construed.

Section 1494, Rev. Stat., construed.

Error to the Court of Common Pleas of Champaign county.

Seney, J.

The facts in substance are these: The defendants in error were practicing physicians in the city of Urbana, and as such, were called to attend a pauper living in Urbana township. They performed certain services for the pauper, and upon the second day after commencing said services, they notified the township trustees, in writing, of the premises. No objection was made by the trustees, and the physicians continued the services until, as the physicians claimed, their services were reasonably worth the sum of thirty-one dollars. This bill was presented to the trustees for payment, which was refused; but the trustees passed upon the said claim and determined that said services were justly and reasonably worth the sum of eight dollars and no more. This the trustees offered to pay, but the physicians refused, and brought this action to recover the value of their services, viz.: the sum of thirty-one dollars.

The question as to the right of the physicians to maintain an action upon an account for services rendered a pauper, depends upon the construction given to sec. 1494, Rev. Stat.

---

*The judgment in this case was affirmed by the Supreme Court without report, March 4, 1890, and approved by the Supreme Court, in the case of Trustees v. White, 48 O. S., 577, 587.

For this kind of services, the liability against the township is created by this section; it did not exist at common law.

This kind of services grows out of no contract express or implied. The inquiry therefore is: When does the township become the debtor of the party rendering the service?

Section 1494 reads as follows: "Where a person in the township is in a condition requiring public relief, or the services of a physician or surgeon, complaint thereof shall be forthwith made to the township trustees by some person having knowledge of the fact; if medical service is required, the physician or surgeon called or attending shall immediately notify the trustees or one of them, in writing, that he is attending a pauper, and thereupon the township shall be liable for all relief and for services rendered, which may thereafter be afforded to such person only in such amount as the trustees determine to be just and reasonable; but if such notice be not given within three days after such relief is afforded or service begins, then said township shall be liable for such service or relief only as may be rendered after notice has been given; but the trustees, or one of them, may at any time order the discontinuance of such services or relief, and they shall not be liable for any services or relief thereafter afforded."

Now it will be seen that several things are requisite in order to charge the township:

1. The person must be a pauper requiring relief.
2. The services must be performed.
3. Notice in writing must be given.
4. The amount or sum that the trustees consider reasonable and just must be ascertained.

If the person is not a pauper, or the services are not performed, there can be no question that the township is not liable. The statute provides the kind of notice, "in writing;" no other kind of notice complies with the statute. In the absence of notice "in writing," the preliminary step whereby the township is made liable has not been taken. Notice in writing is a condition precedent. Several reasons are obvious why this is so. First, it gives the trustees an opportunity before a large bill is made, to ascertain the relief needed.

Second, the trustees may have a contract with some physician, whereby the expense to the township would be greatly reduced, and upon receipt of this notice, the party first called could be dismissed, and for the purpose of allowing the trustees to exercise this right and to place it beyond the power of a person to claim that notice was given, the statute requires it to be given in writing.

So that if any one of these three elements were missing, there would be no question that the township was not liable. Why then can there be any question if the fourth element be missing? The express language of the statute is, "he shall be paid what the trustees determine is just and reasonable" after notice, and until this is determined no liability exists; before this is determined, the right exists to have it determined, or in other words, the right exists to create a liability against the township.

This is no hardship as suggested by counsel; the physicians perform the service with knowledge of the law; it is part of their implied agreement so far as their pay is concerned; and as said by Gholson, J., in the case of Commissioners v. Ranney, et al., 13 O. S., 388, "When the fee to counsel assigned by the court to defend a prisoner was allowed and the amount fixed by the county commissioners, a legal demand against the county for its payment was created; the legal demand was for the fee, and nothing more." So in this case, when the township trustees allowed what was just and reasonable for this service, a legal demand against the township for its payment was created; the legal demand was for the amount so fixed by the trustees, and for nothing more. Before the trustees had determined what was reasonable and just, a legal demand existed to determine what was reasonable and just.

This is the view of the court upon the question, as to services after notice; as to the services performed before notice, if the notice is given within three days, the majority of the court are of the opinion that the service relates back to its beginning, and the trustees shall allow for the entire time what in their judgment is reasonable and just.

So from these views, it will be seen, as the action is brought upon an account, and as there is no averment in the petition, that the trustees had passed upon or allowed the account, that the general demurrer should have been sustained.   An answer being filed upon the overruling of the demurrer, we find in the third ground of the defense the allegation lacking in the petition, viz.: "the allowance of a just and reasonable sum by the trustees, to-wit, eight dollars." That this cures the action upon the demurrer, and judgment should have been for eight dollars instead of thirty-one dollars, it being conceded that the trustees tendered this sum before suit and have kept the tender good.

The judgment will be reversed; and this court proceeding to render the judgment that the lower court should have rendered will render judgment in favor of defendants in error against plaintiffs in error for the sum of eight dollars, and against the defendants in error for all costs.

We find no error in the way the suit was brought.

---

# CRIMINAL LAW—EVIDENCE.

[Crawford Circuit Court, November Term, 1886.]

Jenner, Seney and Moore, JJ.

(Judge Jenner, of the Fifth Circuit, taking the place of Judge Beer.)